UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
CALVIN APPLEBERRY,
    Debtor.

No. 7-05-51063 SA

GLYNN DAVID HARRIS, et al.,
    Plaintiffs,
v.

Adv. No. 06-1090 S

CALVIN APPLEBERRY,
    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON NON-DISCHARGEABILITY OF DEBT

This matter is before the Court on Plaintiffs' Motion for Summary Judgment on Non-Dischargeability of Debt ("Motion")(doc 12). Plaintiffs are represented by their attorney Miller Stratvert P.A. (Ruth Fuess and Dylan O'Reilly). Defendant did not file a response to the Motion. Federal Rule of Civil Procedure 56(c)[1] provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact <u>and that the moving party is entitled to a judgment as a matter of law</u>.

(Emphasis added.) Because no response was filed to the Motion no facts are in dispute. Therefore, the issue for the Court is

---

[1] All statutory and rule references are to the Bankruptcy Code as it existed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Federal Rule of Bankruptcy Procedure 7056 adopts Federal Rule of Civil Procedure 56.

whether Plaintiffs are entitled to a judgment as a matter of law. The Court finds that under New Mexico law they are not.

The Motion seeks a declaration that Defendant's debt is nondischargeable based on the collateral estoppel effect of a state court default judgment entered as a discovery sanction. New Mexico law is quite clear that "default judgments do not have collateral estoppel effect in future litigation, although they may have res judicata effect." Blea v. Sandoval, 107 N.M. 554, 558, 761 P.2d 432, 437 (Ct. App. 1988). Therefore, the Motion should be denied.

Plaintiffs argue that, under the federal law of collateral estoppel, default judgments based on sanctions do have collateral estoppel effect. See, e.g., McCart v. Jordana (In re Jordana), 232 B.R. 469, 477 (10th Cir. BAP 1999), aff'd. 216 F.3d 1087 (10th Cir. 2000)("Several Circuit Courts have held that a default judgment entered against a defendant for abuse of the discovery process has preclusive effect in subsequent litigation.") And, citing Deflon v. Sawyers, 139 N.M. 637, 640, 137 P.3d 577, 580 (N.M. 2006), Plaintiffs argue that New Mexico law and federal law are the same on the issue of collateral estoppel. See Motion at 10. However, Deflon states that federal law and New Mexico law are not divergent on claim preclusion doctrine, which is res judicata not collateral estoppel. Therefore, this argument fails.

Case 06-01090-s    Doc 14    Filed 09/01/06    Entered 09/01/06 11:07:57 Page 2 of 3

Plaintiffs also argue that City of Sunland Park v. Macias, 134 N.M. 216, 220, 75 P.3d 816, 820 (Ct.App. 2003) allows a court to apply collateral estoppel where a court has expended significant resources or a party has behaved badly prior to the entry of a default judgment. The Court does not read Macias to stand for this proposition.

Finally, Plaintiffs argue that it is unfair to not apply collateral estoppel in this case due to the extreme nature of Defendant's behavior in the state court case. Unfortunately for Plaintiffs, unfairness is not an exception to the doctrine in New Mexico that default judgments do not have collateral estoppel effect in future litigation.

IT IS ORDERED that the Plaintiffs' Motion for Summary Judgment on Non-Dischargeability of Debt is denied.

Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Dylan O'Reilly
Ruth Fuess
PO Box 25687
Albuquerque, NM 87499-0869

Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102-3524